CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 24 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00029-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| JAMIE DANTONI DILLARD, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Jamie Dantoni Dillard, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his counsel's performance constituted ineffective assistance, in violation of the Sixth Amendment. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss.

I.

A grand jury from the Western District of Virginia issued a two-count indictment against petitioner in September 2008. Count One accused petitioner of distributing more than five grams of crack, and Count Two accused him of distributing more than fifty grams of crack, both in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Petitioner entered into a plea agreement with the United States and pleaded guilty to Count One in March 2009. I entered petitioner's criminal judgment on June 16, 2009, after conducting a colloquy and the granting the United States' motion to dismiss Count Two. At the conclusion of the sentencing hearing, I told petitioner:

> Mr. Dillard, you have waived your right to appeal the case. And so far as I know, the waiver is binding. But if you choose to appeal it, you must do it within 10 days from today. If you fail to -- if you want to appeal it and fail to do it within 10 days from today, the appeal will be barred. And if you choose to appeal it, that is done by noticing or filing a notice of appeal in the clerk's office of this court. And should Mr. Shelton be unable to assist you in that, you can do it yourself by simply contacting the clerk's office and telling the deputy clerk that you want to appeal your case. And it will be noted for you. This can be done without any prepayment of fees or costs. And you would be entitled to court-appointed counsel.

(Sent. Tran. (no. 50) 16.) Petitioner did not note an appeal.

On September 21, 2010, petitioner handed to prison officials for mailing his instant § 2255 motion. For his first claim, petitioner alleges that he was denied his constitutional right to appeal his conviction because counsel failed to note his requested appeal "and/or consult him" about an appeal. (Mot. to Vacate (no. 43) 5.) Petitioner alleges he "requested an appeal, believed that an appeal would be filed and subsequently learned that no appeal had been filed." (Br. Supp. Mot. (no. 43-1) 2.) Petitioner "caus[ed] the Fourth Circuit Court of Appeals to be contacted regarding an appeal, as counsel continued to refuse to respond to his requests, [and] learned [in mid-July 2010] that no appeal had been filed."[1] (Id.)

For his second claim, petitioner alleges counsel was deficient for not adequately investigating his criminal history category and requesting a downward departure of his sentence via United States Sentencing Guideline § 4A1.3(b)(1). Petitioner argues that had counsel properly investigated his criminal history, counsel would have realized that the proposed criminal history category clearly overstated the seriousness of his criminal history. (Id. 7.)

For his third claim, petitioner alleges that his sentence was unlawfully enhanced with invalid prior convictions. Petitioner is pursuing state-court remedies to vacate his state court convictions relied upon to calculate his federal sentencing range. However, petitioner acknowledges that the state-court convictions have not yet been invalidated. (Id. 9.)

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456

---

[1] Petitioner states in another pleading that he caused the inquiry in September 2010, not mid-July 2010. (Pet'r's Resp. to Cond. Filing Ord. (no. 45) 2.) Despite this conflict, I rely on the earlier date, which is more beneficial to petitioner.

2

U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one year statute of limitations period governs § 2255 actions. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A criminal judgment entered in July 2009 became final after fourteen days if the defendant did not file an appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Therefore, petitioner's judgment became final on July 1, 2009, after petitioner did not note an appeal. Accordingly, for purposes of § 2255(f)(1), petitioner had until June 30, 2010, to timely file his § 2255 motion. However, he did not file the instant motion until September 21, 2010. See Rule Governing

3

§ 2255 Proceedings 3 (discussing prison mailbox rule for § 2255 motions).

Petitioner argues that his motion should be considered timely filed under § 2255(f)(4), the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner alleges that he discovered in mid-July 2010 that no appeal of his July 2009 judgment was filed. However, the date on which the facts supporting his claim that an appeal was never filed could have been discovered through due diligence was at least within a month after petitioner's sentencing hearing. I expressly told petitioner how quickly he was required to note an appeal, by either directly contacting the Clerk or by his counsel. The effect on petitioner was that he then had the knowledge that his time to appeal would expire within two weeks of that hearing. Thus, due diligence to discover whether an appeal was filed would require him to contact the court either within the fourteen day period or some approximate time thereof. Petitioner did not exercise due diligence by waiting silently for six months to a year to check a public record that could be discovered with minimal effort within two weeks after being advised of all pertinent information. Due diligence was also not satisfied by petitioner's allegation that he discovered the lack of an appeal in mid-July but then waited two more months to file his § 2255 motion.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that

4

prevented petitioner from filing a timely petition. See also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period); Gilbert by Gilbert v. Sec. of Health & Human Servs., 51 F.3d 254, 257 (Fed. Cir. 1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling."). Furthermore, the lack of due diligence on petitioner's part does not constitute circumstances external to his own conduct. See Harris, 209 F.3d at 330. Accordingly, petitioner did not timely file his § 2255 motion, he is not entitled to equitable tolling, and his motion must be dismissed.

III.

For the foregoing reasons, I grant the United States' motion to dismiss. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

ENTER: This 24th day of January, 2011.

Senior United States District Judge